1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    TYLER B. QUINN,                    No.  2:14-cv-00744 JAM CMK

12              Plaintiff,

13        v.                             **ORDER GRANTING DEFENDANTS'
                                         MOTION TO STAY**
14    RICHARD ORTIZ, individually
      and in his official capacity;
15    and CITY OF ALTURAS, *ex rel.*
      the ALTURAS CITY POLICE
16    DEPARTMENT,

17              Defendants.

18

19        This case arises out of an incident between Plaintiff, Tyler

20    Quinn, and Defendant, Richard Ortiz, an officer with the City of

21    Alturas Police Department.  Reporter's Transcript of Preliminary

22    Hearing (12/17/2013), Pl.'s Ex. 1, at 5.  On October 26, 2013,

23    Plaintiff was a passenger in a car being driven by his friend.

24    Id. at 5.  Defendant Ortiz pulled the car over, on suspicion that

25    a "dreamcatcher" hanging from the rearview mirror was obstructing

26    the driver's vision.  Id. at 21; Compl. ¶ 10.  Upon speaking with

27    the driver, Defendant Ortiz smelled alcohol and ordered the

28    occupants out of the car.  Id. at 21.  Although the exact

                                      1

1   sequence of events is disputed, Defendant Ortiz ultimately

2   arrested Plaintiff on a charge of public intoxication, and, in

3   doing so, pushed Plaintiff's head through the rear window of his

4   patrol car.  Id. at 30-31.  Plaintiff then allegedly threatened

5   Defendant Ortiz and his family.  Id. at 18.

6       As a result of this incident, Plaintiff was charged with

7   public intoxication, resisting an executive officer, and making

8   criminal threats.  After these charges were dismissed, Plaintiff

9   filed the instant action, pursuant to 42 U.S.C. § 1983, alleging

10  violations of his federal constitutional rights as well as

11  several claims under California state law.  Plaintiff's claims

12  include allegations of false arrest, excessive force, and

13  malicious prosecution against Defendant Ortiz.  Compl. ¶¶ 47, 59,

14  71.

15      Following the filing of Plaintiff's civil suit, the Office

16  of the Attorney General of California filed a new criminal

17  complaint, containing seven counts relating to the October 26,

18  2013 incident.[1]  Following a preliminary hearing, Plaintiff was

19  arraigned on the following three criminal charges: (1) resisting

20  an executive officer, namely Defendant Ortiz; (2) making criminal

21  threats against Defendant Ortiz; and (3) resisting the

22  

23  [1] Defendants maintain (and Plaintiff does not dispute) that the
    Attorney General's commencement of a second criminal action
24  against Plaintiff was proper, pursuant to the Article 5, Section
    13 of the California Constitution and California Penal Code §
25  1387.  Reply at 3.  Based on the Court's review of California
    Penal Code § 1387, which imposes a "two-dismissal" rule, the
26  Attorney General's action does not appear to be improper.  See
    People v. Superior Court (Martinez), 19 Cal. App. 4th 738, 744
27  (1993).

28                                2

1  corrections officer who booked him into custody.  Tonon

2  Declaration, Ex. C.

3      In light of these pending criminal charges, Defendants ask

4  the Court to abstain from hearing Plaintiff's civil suit under

5  Heck v. Humphrey, 512 U.S. 477 (1994). [2] Defendants argue that a

6  verdict for Plaintiff in this civil suit would potentially

7  conflict with an eventual conviction in Plaintiff's criminal

8  case, a result which the doctrine of Heck abstention was designed

9  to prevent.  Mot. at 3; Reply at 5.

10     Under the Supreme Court's holding in Heck, "a § 1983 action

11 that would call into question the lawfulness of a plaintiff's

12 conviction or confinement is not cognizable[.]"  Harvey v.

13 Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).  Thus, when a

14 criminal defendant files a § 1983 action, courts must "determine

15 whether a judgment in favor of the plaintiff would necessarily

16 imply the invalidity of his conviction or sentence; if it would,

17 the complaint must be dismissed[.]"  Heck, 512 U.S. at 487.

18 Conversely, "if the plaintiff's action, even if successful, will

19 not demonstrate the invalidity of any outstanding criminal

20 judgment against the plaintiff, the action should be allowed to

21 proceed[.]"  Heck, 512 U.S. at 487.

22     Plaintiff objects to the application of the Heck doctrine to

23 this case, on the grounds that the criminal charges are still

24 pending and there is no "conviction" to invalidate.  Opp. at 5.

25 The prevailing rule in the Ninth Circuit prior to 2007 was that

26

27 [2] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for June 17, 2015.

                                3

"Heck applies to pending criminal charges, and [therefore] a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." Harvey, 210 F.3d at 1014.  However, in 2007, the United States Supreme Court rejected the principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside," characterizing that approach as a "bizarre extension of Heck." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original).  Nevertheless, the Court provided the following guidance to district courts:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Kato, 549 U.S. at 393-94 (internal citations omitted).

Thus, if a judgment for Plaintiff on any of his civil claims would "necessarily imply the invalidity of a conviction" on any of the pending criminal charges against him, the Court has discretion to stay Plaintiff's civil action until the resolution of that criminal charge. Heck, 512 U.S. at 487.

   A pervasive theme in Plaintiff's complaint is that Defendant Ortiz lacked probable cause to arrest him.  Compl. ¶¶ 16, 19, 20, 62, 64, 65.  For Plaintiff to prevail on many of his claims –

4

1  such as his state law claim for false arrest/false imprisonment –

2  a fact finder would need to conclude that Defendant Ortiz lacked

3  probable cause to make an arrest.  See Pierson v. Ray, 386 U.S.

4  547, 557 (1967) (noting that the "defense of good faith and

5  probable cause" exists for both state law claims for false arrest

6  and imprisonment, as well as actions under § 1983).  However,

7  such a finding would conflict with a conviction on the charge of

8  "resisting an executive officer" during his arrest by Defendant

9  Ortiz.  As both the Ninth Circuit and California courts have

10 explained, an individual cannot be guilty of resisting arrest if

11 the arrest itself was unlawful.  See Arpin v. Santa Clara Valley

12 Transp. Agency, 261 F.3d 912, 920 (9th Cir. 2001) (noting that,

13 "[i]f the officers could not lawfully arrest Arpin for battery,

14 the officers could also not lawfully arrest Arpin for resisting

15 arrest"); People v. Simons, 42 Cal. App. 4th 1100, 1109 (1996)

16 (holding that a "[d]efendant cannot be convicted of an offense

17 against an officer engaged in the performance of official duties

18 unless the officer was acting lawfully at the time").

19     Accordingly, under Heck (and Kato), the Court finds that

20 Plaintiff's civil action includes claims that would necessarily

21 imply the invalidity of a conviction and should be stayed pending

22 the resolution of Count One in the criminal information against

23 Plaintiff, for resisting Defendant Ortiz during his arrest.  See

24 Dominguez v. Shaw, 2011 WL 6297971, at *4 (D. Ariz. Dec. 16,

25 2011) (granting summary judgment to defendants on false

26 imprisonment claim, under Heck, because the plaintiff "cannot

27 show that his arrest lacked probable cause without necessarily

28 invalidating his adjudication of delinquency for resisting

1  arrest").  All upcoming dates are vacated and the parties are

2  ordered to file a joint status report within 30 days of the

3  resolution of the criminal resisting an executive officer charge.

4       IT IS SO ORDERED.

5  Dated: June 30, 2015

6                                        _____

7                                        JOHN A. MENDEZ,
                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28